UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEVE D. JAMERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:10CV2070 HEA |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying the application of Plaintiff for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's application.

### Facts and Background

Plaintiff was 45 years old at the time of the hearing. He received his GED, and was in the Navy from 1979 to 1982. The ALJ found Plaintiff had the severe

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

impairments of: hepatitis C, peptic ulcer disease, joint disease of knees, osteoarthritis of toes and spondylosis of mid back  At the September 8, 2008 hearing, Plaintiff testified that he had been homeless for two years, that he was single with no children.  He testified that he could drive.  At the time of the hearing, Plaintiff was taking oxaprozin for pain, gabapentin for pain and nerves, ranitidine for his stomach.  In response to the ALJ's question regarding whether there were any side effects, Plaintiff stated that his medications made him sleepy all the time.  Plaintiff also testified that he had a history of using cocaine, but that he had last used cocaine in 2006.  Likewise, Plaintiff testified that he had a history of alcohol use, but that he had ceased using alcohol five to eight months previous.

Plaintiff testified that he rides the bus to church, and that it takes about an hour to get from the shelter where he sleeps, that he walks to the empowerment center from the shelter, which is a block and a half.

Plaintiff testified that he has a sharp pain in his shoulder blade, but that his back was "fine."  Plaintiff stated that his back pain comes and goes, and in assessing the severity of the pain, Plaintiff ranked the pain at eight.  Other pain in his shoulder was ranked by Plaintiff as a level six. Plaintiff testified that he had pain in his knees, at levels six for his right knee and five for his left.  It had been seven a few minutes previous to his testimony.  Plaintiff testified he had pain in

his feet as well.  Plaintiff testified that he has been told he has spondylosis joint disease by his doctor at the VA.  He had seen a psychologist at the VA.

The ALJ also heard testimony from a vocational expert, Brenda Young. Ms. Young testified that she had heard the testimony provided by  Plaintiff. Ms. Young classified Plaintiff's  past work as unskilled; his past temporary work as a laborer and a  roofing assistant would have been medium to heavy and unskilled. Ms Young considered Plaintiff's medical records and his past work history and opined that Plaintiff could return to his past work.  When questioned by Plaintiff's counsel, Ms. Young opined that Plaintiff could not return to his previous work with the limitations imposed by Plaintiff's treating physician.

Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*., was denied on December 19, 2008. Since Missouri is one of several test states participating in modifications to the disability procedures, see 20 C.F.R. § 404.906, 404.966, Plaintiff's appeal in this case proceeded directly from the initial denial to the hearing level. Plaintiff filed a Request for Hearing by Administrative Law Judge. Plaintiff appeared and testified before ALJ Francis J. Eyerman on September 8, 2008.  On December 19, 2009, the ALJ issued an unfavorable decision.  On September 23, 2010, the Appeals Council denied Plaintiff's request for review of

the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not

disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f),

416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.*. At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

### ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since July 27, 2007, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the following severe impairments: hepatitis C, peptic ulcer disease, joint disease of knees, osteoarthritis of toes, and spondylosis of mid back. At Step Three, the ALJ

found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments in the listings.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform a full range of sedentary work. At Step Four, the ALJ determined that Plaintiff cannot perform his past relevant work. At Step Five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. The ALJ concluded that Plaintiff had not been under a disability as defined in the Act.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court

"'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the AL's findings, the court must affirm the AL''s decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In his appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) the ALJ found both medical opinions of record not credible based upon an insufficient analysis and failed to assign Dr. Denny's opinion proper weight. Plaintiff argues that the ALJ improperly disregarded Dr. Denny's opinion that Plaintiff was completely incapable of work. Plaintiff asserts that Dr. Denny's notes and medical source statement give a detailed medical opinion that addresses the nature and severity of Plaintiff's impairments and describes the functional

limitations caused by his impairments.  Plaintiff argues that Dr. Denny's opinion is supported by her ten-year treatment relationship with Plaintiff with diagnostic findings and progress notes of numerous examinations.  Further, Plaintiff argues that Dr. Denny's opinion is consistent with the other substantial evidence of record.

Under the Social Security Administration regulations, the opinions of treating physicians are generally entitled to substantial weight. 20 C.F.R. §§ 404.1527(d), 416.927(d).  However, despite this deference, the opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Brown v. Barnhart,* 390 F.3d 535, 540 (8th Cir.2004).  In fact, an ALJ may discount or disregard the opinion of a treating physician where other medical assessments are more thoroughly supported or where a treating physician renders inconsistent opinions.  *Wildman v. Astrue,* 596 F.3d 959, 964 (8th Cir.2010).  The ALJ's determination that Dr. Denny's opinion regarding Plaintiff's limitations is entitled to little weight is supported by substantial evidence on the record, including Dr. Denny's own treatment notes and the objective medical records throughout the relevant period of disability. *See Strongson v. Barnhart,* 361 F.3d 1066, 1070–71 (8th Cir.2004) (finding that the ALJ properly discounted a physician's opinion that was "not internally consistent with [the doctor's] own

treatment notations").

For example, Plaintiff's complaints of chronic pain have not been supported by any objective evidence of muscle atrophy, bowel or bladder dysfunction, severe and persistent muscle spasms, neurological deficits, or inflammatory signs other than mild swelling in the knees.

The ALJ observed throughout the medical records that Plaintiff's non-verbal pain behaviors did not correspond with his reports of pain. Moreover, the medical records variously showed mild spondylosis of the spine; normal knee x-ray, no swelling or deformities of Plaintiff's legs and ankles.

Plaintiff's medical records also establish that Plaintiff can dress and undress himself without difficulty, and get on and off the examining table without difficulty; Plaintiff walked without assistive devices and had full range of motion of upper extremities. Likewise, examination of Plaintiff's feet and ankles were normal and both knees were stable and had essentially normal range of motion, although Plaintiff resisted assisted motions. Plaintiff's gait was normal on examinations. Plaintiff's range of motion has not, throughout any of the medical records been significantly limited.

Much of Dr. Denny's opinion regarding Plaintiff's limitations was inconsistent with her medical records during that time period. *See Clevenger v.*

*Soc. Sec. Admin.,* 567 F.3d 971, 975 (8th Cir.2009) (discrediting a physician's opinion where it was inconsistent with earlier records of treating physicians). Overall, the ALJ properly discredited Dr. Denny's opinion because the opinion was contradicted by Dr. Denny's own notes and the other medical evidence of record. Accordingly, the ALJ properly accorded the opinion little weight.

Likewise, with respect to Dr. Tippett, the ALJ found that Dr. Tippett's medical opinion was inconsistent with the results of his own examination and with Plaintiff's testimony as to his daily activities. The only abnormality found was tenderness between the scapulae, tenderness to the non-dominant left wrist and tenderness to the right knee, however, the range of motion of both knees was essentially normal and both were stable. The examination of Plaintiff's feet and ankles was normal.

After assessing the medical evidence of record, the ALJ concluded that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a). The Court finds this determination supported by substantial evidence of record.

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's

testimony regarding her symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Plaintiff argues that the ALJ's RFC does not comply with Social Security Regulations because it does not contain a function-by-function assessment of Plaintiff's ability to perform work-related activities. *See Depover v. Barnhart,* 349 F.3d 563, 565 (8th Cir.2003). In particular, Plaintiff argues that the ALJ made interpretations of the medical findings in reaching his RFT conclusions. Further, Plaintiff argues that the ALJ's RFC finding of Plaintiff's work related limitations is not supported by substantial evidence.

Plaintiff's first argument that the ALJ failed to provide a function-by-function assessment is without merit. In determining Plaintiff's RFC, the ALJ

referenced sedentary work as that "defined in 20 C.F.R. § 416.967(a)." "Sedentary work" is defined in this regulation as "[s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

The Eighth Circuit has held that an ALJ does not fail in his duty to assess a claimant's RFC merely because the ALJ does not explicitly address all functional areas where it is clear he implicitly found the claimant not limited in those areas. *Depover,* 349 F.3d at 567–68. An ALJ may base his RFC determination on all evidence of record. *Pearsall v. Massanari,* 274 F.3d 1211, 1217–18 (8th Cir.2001) (citing *Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir.1995)). Social Security Ruling 96–8p specifically requires that an RFC determination include "a narrative discussion describing how the evidence supports each conclusion." Although an RFC is a medical determination, in making this determination the ALJ must rely not only on medical evidence but on all relevant, credible evidence. *McKinney,* 228 F.3d at 863.

Plaintiff's argument that the ALJ improperly made interpretations of the

medical findings in reaching his RFC conclusions is likewise without merit. The ALJ articulated the clinical findings in the record without any interpretations of those clinical observations. The record contains numerous observations of "normal" range of motion, ability to walk without assistance, ability to ambulate effectively, to name a few. Rather than making interpretations of the medical findings, the ALJ's conclusions were based solely on the medical records before him without his own interpretation of the medical findings.

Plaintiff's claim that the ALJ's RFC finding that Plaintiff's work related limitations is not supported by substantial evidence is incorrect. The ALJ specifically detailed his conclusion that Dr. Denny and Dr. Tippet's opinions were not credible based on the medical records which correspond to the doctors' examinations. Further, the records establish that there is no significant range of motion limitation of a weight bearing joint or the lumbosacral spine, hypertension with persistently elevated diastolic blood pressure of 100 or more, chronic venous insufficiency, congestive heart failure, or severe respiratory impairment.

Plaintiff also argues the ALJ erred by using the Medical–Vocational Guidelines (the "Grids"), instead of the testimony of a vocational expert, to determine whether there was substantial gainful employment Plaintiff could perform. At Plaintiff's hearing, the ALJ only asked the vocational expert to

characterize Plaintiff's past relevant work. The ALJ later applied the Grids to determine whether Plaintiff was disabled. Plaintiff specifically argues that the ALJ erred by applying an improper standard in determining whether direct application of the Grids was appropriate, specifically the standard of significant erosion. Although S.S.R. 96–9p ruled that "[a]ny *significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base," the record as a whole does not establish any significant manipulative limitations and the ALJ's conclusions that Plaintiff is able to perform full sedentary work is supported by the medical records as a whole.

Here, as discussed above, the medical evidence supports the ALJ's determination, and the ALJ thoroughly considered and discussed this evidence in rendering his decision. Similarly, the ALJ discounted Plaintiff's allegations of disabling pain to the extent they were not consistent with the record as a whole. Although the ALJ did not follow each RFC limitation with a specific list of evidence supporting it, the opinion as a whole demonstrates that he fully considered all relevant evidence of record and based his RFC upon it. *Id.* Overall, the ALJ's determination is both fully supported and sufficiently explained. Thus, the Court upholds the ALJ's determination of Plaintiff's RFC,

finding that the ALJ's determination was based on substantial evidence of record and properly included only Plaintiff's credible limitations. *See Wildman,* 596 F.3d at 966.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be **affirmed**.

Accordingly,

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is **affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 31st day of July, 2013.

_____
 **HENRY EDWARD AUTREY
 UNITED STATES DISTRICT JUDGE**